# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> (1) JACK MAXWELL; <br> (2) HELEN F. JONES, TRUSTEE OF THE HELEN F. JONES TRUST, if living or if deceased, the unknown heirs, executors, devisees, trustees and assigns of Helen F. Jones, Trustee of the Helen F. Jones Trust; <br> (3) CHARLES L. PERDUE; <br> (4) LINDA SHARON PERDUE; <br> (5) LISA GUTHRIE; <br> (6) PRESTON KELLEY, <br><br> Defendants. | Case No. CIV-07-412-RAW |

## ORDER & OPINION

Before the court is Plaintiff's motion for summary judgment [Docket No. 70]. Defendants have not filed a response. Local Civil Rule 7.1(c) states in pertinent part: "A separate pleading in opposition or response to each motion, application, or objection shall be filed. Any failure to comply with this paragraph will constitute a waiver of any objection by the noncomplying party, and the failure to comply will constitute a confession of the matters raised by the pleadings." Federal Rule of Civil Procedure 8(b)(6) states in pertinent part: "An allegation–<u>other than one relating to the amount of damages</u>–is admitted if a responsive pleading is required and the allegation is not denied." (emphasis added.)

### Background

Plaintiff filed its Second Amended Complaint on April 3, 2008. Plaintiff alleges that on

November 16, 1992, Jack Maxwell executed and delivered to Plaintiff three promissory notes. In order to secure payment of the promissory notes, he executed and delivered to Plaintiff on the same date a real estate mortgage on the following real property located in LeFlore County, Oklahoma: "Surface only. The Northeast Quarter of the Southeast Quarter of the Southeast Quarter and the Northwest Quarter of the Southeast Quarter of the Southeast Quarter of Section 33, Township 10 North, Range 24 East of the Indian Base and Meridian."

According to Plaintiff, Jack Maxwell defaulted on the payment of the installments provided in the note and mortgage, and there is now due and owing the principal sum of $96,835.21, plus interest to June 21, 2007, in the amount of $69,021.65, plus interest from that date at the daily rate of $17.6155 until paid. The mortgage expressly provided that if the borrower defaulted, the mortgagee may foreclose on the mortgage.

Moreover, Plaintiff notes that the remaining Defendants are "claiming some right, title or interest in and to the mortgaged property adverse and hostile to that of plaintiff, the exact nature and extent of which are unknown to plaintiff, but plaintiff shows to the court that its mortgage lien is prior to any and all claims of said defendants, and such claims should be cancelled and set aside as clouds upon the title to the mortgaged property."

Plaintiff requests the court grant in Plaintiff's favor "an in personam judgment against Jack Maxwell, for the sum of $96,835.21, plus interest to June 21, 2007, in the amount of $69,021.65, plus interest from that date at the daily rate of $17.6155, until date of judgment and interest from date of judgment at the legal rate until paid in full, plus all costs and expenses of this action, including attorney (sic) fee in the amount of $2,000.00, plus any sums which may be advanced to preserve and protect said real property prior to or during foreclosure sale thereof." Plaintiff further requests that its security interest be established as a first, prior and superior lien against the real

property listed above, that the court order the lien be foreclosed, and that the court cancel and set aside any right of the Defendants in and to the real property.

Only Defendants, Lisa Guthrie, the Helen F. Jones Trust, and Preston Kelley have filed Answers since Plaintiff filed its Second Amended Complaint. In his Amended Answer, Preston Kelley waives any claim with regard to the real property in question. In their Answer, the Helen F. Jones Trust and Lisa Guthrie admit most of Plaintiff's allegations, but argue that they are owners of separate first mortgage liens against different portions of the real property in question: the Helen F. Jones Trust owning the first mortgage lien in the NE/4 SE/4 SE/4 of Section 33, T10N, R24E of the Indian Base and Meridian, LeFlore County, Oklahoma (hereinafter the "NE Quarter"); and Lisa Guthrie owning the first mortgage lien in the NW/4 SE/4 SE/4 of Section 33, T10N, R24E of the Indian Base and Meridian, LeFlore County, Oklahoma (hereinafter the "NW Quarter.").

Prior to Plaintiff's Second Amended Complaint, Jack Maxwell filed an Answer to the original Complaint in which he admitted Plaintiff's numbered paragraphs 1-5. Those paragraphs are the same in the Second Amended Complaint; they state that he executed the promissory notes and mortgage at issue, that he defaulted in the payment of the debt secured by the mortgage, and that according to the mortgage, Plaintiff may foreclose on the mortgage. Jack Maxwell argued, however, that he made a note and mortgage to Helen Jones on April 7, 1989[1], that the note and mortgage were later assigned to Lisa Guthrie[2], that he filed bankruptcy in Case No. 03-73108, and that an *in rem* judgment may be taken against him, but nothing more.

---

[1]Jack Maxwell actually issued two mortgages to Helen F. Jones, the first on July 13, 1984.

[2]From a reading of the Answer filed by Lisa Guthrie and the Helen F. Jones Trust, it appears Jack Maxwell is at least slightly mistaken. Lisa Guthrie was only assigned a mortgage on a portion of the real property at issue in this action.

## Plaintiff's Motion for Summary Judgment

Plaintiff now requests the court grant summary judgment against Jack Maxwell "in the principal amount of $97,902.01, plus interest in the amount of $75,324.06, and interest accruing at the daily rate of $18.6663 from May 28, 2008, until date paid, and foreclosure of its notes and security agreements, with costs of this action including a reasonable attorney's fee and judgment in rem against the defendants Lisa Guthrie and Helen F. Jones, Trustee of the Helen F. Jones Trust."

### The "Other Three" Defendants

First, the court notes that Preston Kelley has conceded that he has no interest in the real property at issue. Also, default judgment was granted against Linda Sharon Perdue on July 24, 2008. While a summons was served upon Charles L. Perdue on January 17, 2008 and returned executed on February 5, 2008, he has not filed an Answer or any other type of response in this action. Accordingly, the court hereby rules that these three Defendants have no interest in or to the real property at issue.

### The Helen F. Jones Trust & Lisa Guthrie

Plaintiff argues for judgment *in rem* against Lisa Guthrie and the Helen F. Jones Trust. Helen F. Jones acquired a mortgage on the NE Quarter on July 13, 1984 and on the NW Quarter on April 7, 1989. On September 3, 1993, Helen F. Jones conveyed both mortgages to the Helen F. Jones Trust. On October 7, 1999, Helen F. Jones, as "a single person," conveyed the mortgage on the NW Quarter to Lisa Guthrie.

Plaintiff first argues that the assignment of the mortgage from Helen F. Jones to Lisa Guthrie is void on its face because it was signed by Helen F. Jones as a single person and not as the trustee of the Helen F. Jones Trust. The court will not rule that the assignment is void on its face. If a dispute were to arise between Lisa Guthrie and the Helen F. Jones Trust, Lisa Guthrie could, of

4

course, argue that Helen F. Jones misrepresented herself. That dispute is not now before this court.

Rather, the court looks at the mortgages on the NW and NE Quarters to determine whether they are currently valid and whether they are first mortgages superior to Plaintiff's mortgage. Plaintiff points out that the final payments on both of these mortgages were due on July 15, 1989. The promissory note and both mortgages show this date. In Oklahoma, "[a] lien is extinguished by the mere lapse of the time within which under the provisions of civil procedure, an action can be brought upon the principal obligation." 42 OKLA. STAT. § 23. The applicable statute of limitations states in pertinent part: "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced withing six (6) years after the due date or dates stated in the note." 12A OKLA. STAT. § 3-118(a). Both mortgages held originally by Helen F. Jones were payable on July 15, 1989, and thus, were extinguished on July 15, 1995. Neither the Helen F. Jones Trust nor Lisa Guthrie hold any right, title or interest in or to the real property at issue in this action. Summary judgment is granted as to these Defendants.

## Jack Maxwell

Plaintiff argues for judgment on the promissory notes and foreclosure of the notes and security agreements against Jack Maxwell. Jack Maxwell's final installment was due on his mortgage on November 16, 2007. Plaintiff's action against him is, therefore, timely.

Jack Maxwell admitted the first five paragraphs of Plaintiff's Second Amended Complaint, alleging that he executed the promissory notes and mortgage at issue, that he defaulted in the payment of the debt secured by the mortgage, and that according to the mortgage, Plaintiff may foreclose on the mortgage. He argued in his Answer, however, that he filed bankruptcy in Case No. 03-73108, and that an *in rem* judgment may be taken against him, but nothing more. Plaintiff does not address or provide the court with any information regarding Jack Maxwell's bankruptcy.

5

Accordingly, the court grants in part and denies in part the motion for summary judgment as to Jack Maxwell. Plaintiff may foreclose on the property listed in its November 16, 1992 mortgage, specifically: "Surface only. The Northeast Quarter of the Southeast Quarter of the Southeast Quarter and the Northwest Quarter of the Southeast Quarter of the Southeast Quarter of Section 33, Township 10 North, Range 24 East of the Indian Base and Meridian." As to any remaining due and owing on the promissory notes executed on that same date, the court has no information as to whether those were included on Jack Maxwell's bankruptcy or whether the court has the authority to grant summary judgment on this issue.

Plaintiff may file a supplement to its motion by October 17, 2008 and/or Jack Maxwell may file a response to Plaintiff's motion by October 17, 2008. If neither party files any additional briefs or information on this issue by that date, this will become the court's final ruling, and the court will enter its judgment in this action. If Plaintiff files a supplement showing that the promissory notes issued on November 16, 1992 were not listed on Jack Maxwell's bankruptcy, and Jack Maxwell does not respond to Plaintiff's motion for summary judgment by October 17, 2008, the court will likely grant the motion as to the indebtedness.

## Conclusion / Summary

The court notes that Preston Kelley, Linda Sharon Perdue and Charles L Perdue have no right, title or interest in or to the property at issue in this action. Plaintiff's motion for summary judgment [Docket No. 70] is GRANTED as to Lisa Guthrie and Helen F. Jones, Trustee of the Helen F. Jones Trust. The motion is GRANTED in part and DENIED in part as to Jack Maxwell. Plaintiff may foreclose on the November 16, 1992 mortgage. Plaintiff may file a supplement to its motion (with evidence as to whether the November 16, 1992 promissory notes were included in Jack Maxwell's bankruptcy) and Jack Maxwell may respond to Plaintiff's motion and this Order by

6

October 17, 2008.

    IT IS SO ORDERED this   29TH   day of September, 2008.

                                        */s/ Ronald A. White*
                                        **HONORABLE RONALD A. WHITE**
                                        **UNITED STATES DISTRICT JUDGE**
                                        **EASTERN DISTRICT OF OKLAHOMA**